UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREW BRATHWAITE, As Administrator of the Estate of RICHARD BLAKE, Deceased,

Plaintiff,

-against-

THE CITY OF NEW YORK, VICTOR BELIN, HAURLTZ DERISMA, and JOHN AND JANE DOES 1-10,

Defendants.
------------------------------------------------------------X

**1:24-cv-03222 (NGG) (VMS)**

**ANSWER TO <u>COMPLAINT</u>**

**<u>JURY TRIAL DEMANDED</u>**

Defendant THE CITY OF NEW YORK**,** by its attorneys, HEIDELL, PITTONI, MURPHY & BACH, LLP, upon information and belief, answers plaintiff's Complaint herein as follows:

## <u>AS AND TO INTRODUCTION</u>

FIRST: Denies the allegations contained in the paragraphs of the Complaint designated "1" through "20" as the allegations pertain to the answering Defendant in the form alleged, and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

## <u>AS AND TO JURISDICTION AND VENUE</u>

SECOND: Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs of the Complaint designated "21" through "23" and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

**AS AND TO CONDITIONS PRECEDENT**

THIRD: Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraph of the Complaint designated "24" and "25" and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

**AS AND TO PARTIES**

FOURTH: Denies knowledge and information sufficient to form a belief as to the allegations contained in the paragraphs of the Complaint designated "26" through "28" as they pertain to the answering Defendant, and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

FIFTH: Denies the allegations as to the answering defendant in the form alleged as to the allegations contained in the paragraphs of the Complaint designated "29" through "31" except admits the answering Defendant was and is a domestic corporation existing under the laws of the State of New York and that at certain times not specifically set forth in the Complaint, decedent RICHARD BLAKE was a detainee at Rikers Island, and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

SIXTH: Denies the allegations contained in the paragraphs of the Complaint designated "32" and "33" as the allegations pertain to the answering Defendant, and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

SEVENTH: Denies the allegations contained in the paragraphs of the Complaint designated "34" through "35" as they pertain to the answering Defendant, except admits that at certain times not specifically set forth in the Complaint, defendants VICTOR BELIN and HAURLTZ DERISMA did maintain a certain professional relationship with THE

CITY OF NEW YORK and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

EIGHTH: Denies the allegations contained in the paragraphs of the Complaint designated “36” and “37” in the form alleged as to the answering Defendant, and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

**AS AND TO JURY DEMAND**

NINTH: The answering defendant herein demands trial by jury of all issues raised in the Plaintiff’s Complaint.

**AS AND TO FACTS**

TENTH: Denies the allegations contained within the paragraphs of the Complaint designated “39” through “124” in the form alleged as to the answering defendant except admits that at certain times not specifically set forth in the Complaint, decedent RICHARD BLAKE was a detainee at Rikers Island, and that at certain times not specified in the Complaint, agents, employees, and/or independent contractors of the answering defendant did render certain professional services to RICHARD BLAKE in accordance with good and accepted medical practice and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

ELEVENTH: Denies knowledge and information sufficient to form a belief as to the allegations contained within paragraphs “125” through “131” and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

TWELFTH: Denies the allegations contained within the paragraphs of the Complaint designated "132" through "134" except admits that at certain times not specified in the Complaint, agents, employees, and/or independent contractors of the answering defendant did render certain professional services to RICHARD BLAKE in accordance with good and accepted practice and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

THIRTEENTH: Denies the allegations contained within the paragraphs of the Complaint designated "135" through "179" in the form alleged and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

**AS AND TO THE FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983**

*Deliberate Indifference*
*(U.S. Constitution, Amendments VIII and XIV)*

FOURTEENTH: Answering the paragraph of the Complaint designated "180", the answering Defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "179" with the same force and effect as if herein set forth at length.

FIFTEENTH: Denies the allegations contained in the paragraphs of the Second Amended Complaint designated "181" and "184" as the allegations pertain to the answering Defendant, and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

**AS AND TO THE SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983**

*Monell v Department of Social Services, 436 U.S. 658 (1978)*
**Against Defendant the City of New York**

SIXTEENTH: Answering the paragraph of the complaint designated "185", the answering Defendant repeats and realleges each and every denial and admission in answer to the paragraphs of the complaint designated "1" through "184" with the same force and effect as if herein set forth at length.

SEVENTEENTH: Denies the allegations contained in the paragraphs of the Second Amended Complaint designated "186" through "194" as the allegations pertain to the answering Defendant, and otherwise begs leave to refer all questions of law to the court and all questions of fact to the trier thereof.

**FOR A FIRST DEFENSE**

EIGHTEENTH: That this action was not commenced against Defendant until after the expiration of the time period specified in the applicable statute of limitations and any recovery based on the alleged causes of action herein is barred.

**FOR A SECOND DEFENSE**

NINETEENTH: That whatever damages may have been sustained at the time and place alleged in the Complaint by Plaintiff and/or Plaintiff's Decedent were caused, in whole or in part, by the culpable conduct of the Plaintiff and with-out any negligence on the part of Defendant. Damages, if any, are to be diminished proportionally to the culpable conduct of the Plaintiff and/or Plaintiff's Decedent.

**FOR A THIRD DEFENSE**

TWENTIETH: That the equitable share of liability, if any, of Defendant, THE CITY OF NEW YORK, shall be determined pursuant to the provisions of Article 16 of the CPLR.

**FOR A FOURTH DEFENSE**

TWENTY-FIRST: That one or more causes of action in the Complaint fails to state a cause of action upon which relief may be granted.

**FOR A FIFTH DEFENSE**

TWENTY-SECOND: That this Defendant reserves the right to amend its answers and/or affirmative defenses that may be determined applicable in the future by discovery in this matter.

**FOR A SIXTH DEFENSE**

TWENTY-THIRD: To the extent Plaintiff releases or otherwise settles with any other person/entity relative to the alleged injuries/damages in this action, answering Defendant will be entitled to have any claim for damages asserted against it reduced to the extent permitted by operation of New York General Obligations Law Section 15-108 or any other applicable law.

**FOR A SEVENTH DEFENSE**

TWENTY-FOURTH: Plaintiff has failed to mitigate his alleged damages claimed herein.

**FOR A EIGHTH DEFENSE**

TWENTY-FIFTH: The amount of alleged damages claimed by Plaintiff should be reduced pursuant to CPLR § 4545 to the extent of any collateral source benefits, remuneration or compensation received.

**FOR A NINTH DEFENSE**

TWENTY-SIXTH: That Defendant denies that it is liable in any way to Plaintiff under any legal theory because of the doctrine of immunity, whether qualified, sovereign, statutory or otherwise.

**FOR A TENTH DEFENSE**

TWENTY-SEVENTH: That Plaintiff is not entitled to recover damages in this action under 42 U.S.C. §1983.

**FOR A ELEVENTH DEFENSE**

TWENTY-EIGHTH: That this Defendant denies any and all allegations of Plaintiff's Complaint not specifically addressed herein.

**FOR A TWELVETH DEFENSE**

TWENTY-NINTH: That Plaintiffs have not met the conditions precedent to the commencement of this action as required by law.

**FOR A THIRTEENTH DEFENSE**

THIRTIETH: That any claims for punitive damages contained in the Verified Complaint fail to state a claim upon which relief may be granted, violate various provisions of the Constitution of the United States and the State of New York, and violate various statutory proscriptions thereof.

**FOR A FOURTEENTH DEFENSE**

THIRTY-FIRST: No act or omission of the answering Defendant was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

**FOR A FIFTEENTH DEFENSE**

THIRTY-SECOND: That the occurrence alleged in Plaintiffs' Verified Complaint were caused, contributed to and brought about, in whole or in part, by the conduct of persons over whom this Defendant exercised no supervision of control, including the Plaintiffs' decedent, such conduct amounting to contributory negligence, and the damages and injuries otherwise recoverable by Plaintiffs, if any, should be diminished in proportion to which such person(s)' conduct bears to the conduct which caused decedent's injuries and damages, if any, pursuant to the decisional and statutory laws of the State of New York and the United States in such cases made and provided.

**FOR A SIXTEENTH DEFENSE**

THIRTY-THIRD: That plaintiff's claims are barred under 42 U.S.C. § 1997 (e)(a), Prison Litigation Reform Act (PLRA), because plaintiff failed to exhaust administrative remedies before commencing this lawsuit.

**WHEREFORE**, Defendant THE CITY OF NEW YORK demands judgment dismissing the Complaint herein, together with the costs and disbursements of this action.

Dated: New York, New York
July 22, 2024

Respectfully submitted,

HEIDELL, PITTONI, MURPHY & BACH, LLP

By: ______________________________

DOREEN DUFFICY (DD 3957)
99 Park Avenue
New York, New York 10016
(212) 286-8585
ddufficy@hpmb.com

Attorneys for Defendant
THE CITY OF NEW YORK

TO: **VIA ECF (Eastern District)**

SHANIES LAW OFFICE, PLLC
Attorneys for Plaintiff
110 West 40th Street, 10th Floor
New York, New York 10018
(212) 951-1710

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ANDREW BRATHWAITE, As Administrator of the Estate of RICHARD BLAKE, Deceased,

Plaintiff,

-against-

THE CITY OF NEW YORK, VICTOR BELIN, HAURLTZ DERISMA, and JOHN AND JANE DOES 1-10,

Defendants.
-----------------------------------------------------------X

**1:24-cv-03222 (NGG) (VMS)**

**NOTICE OF DEPOSITION**

**PLEASE TAKE NOTICE** that, pursuant to Article 31 of the New York Civil Practice Law and Rules and Rule 30 of the Federal Rules of Civil Procedure, the deposition upon oral questions of the Plaintiff will be taken on the **30th day of August, 2024 at 10:00 a.m. in the forenoon of that day**, before a Notary Public of the State of New York at the office of HEIDELL, PITTONI, MURPHY & BACH, LLP, 99 Park Avenue, New York, New York. **PLEASE TAKE FURTHER NOTICE** that said party is to be examined on all evidence material and necessary in the defense of this action.

Dated: New York, New York
July 22, 2024

Respectfully submitted,

HEIDELL, PITTONI, MURPHY & BACH, LLP

By: ______________________________

DOREEN DUFFICY (DD 3957)
99 Park Avenue
New York, New York 10016
(212) 286-8585
ddufficy@hpmb.com

Attorneys for Defendant
THE CITY OF NEW YORK

TO: **VIA ECF (Eastern District)**
SHANIES LAW OFFICE, PLLC
Attorneys for Plaintiff
110 West 40th Street, 10th Floor
New York, New York 10018
(212) 951-1710