UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANDREW BRATHWAITE, as administrator of the : 
estate of Richard Blake, deceased, :
:
:
                       Plaintiff, :                        **ORDER**
:
      -against-              :         24 Civ. 3222 (NGG) (VMS)
:
THE CITY OF NEW YORK, VICTOR BELIN, :
HARULTZ DERISMA, and JOHN AND JANE :
DOES 1-10, :
:
:
                       Defendants. :
:
----------------------------------------------------------------x

**Vera M. Scanlon, United States Magistrate Judge:**

      This is an action alleging constitutional violations suffered by the late Richard Blake in connection with his death while in custody at Riker's Island, pursuant to 42 U.S.C. § 1983 and Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Before the Court is Defendants' motion to bifurcate discovery. For the reasons stated below, Defendants' motion is denied without prejudice.

**I.    BACKGROUND**

      Plaintiff Andrew Brathwaite ("Plaintiff") brings this action on behalf of his late brother, Richard Blake ("Mr. Blake"), who died while in custody at the Otis Bantum Correctional Center at Riker's Island. See ECF No. 1 ¶¶ 1-4, 42. Plaintiff alleges that Mr. Blake, who suffered from hypertension, given his condition, was provided inadequate medical care following oral surgery, and that on April 30, 2021, Mr. Blake suffered a fatal cardiac arrest. See id. ¶¶ 41-124. Plaintiff also alleges that Defendants Victor Belin and Harultz Derisma (collectively, the "Individual Defendants"), Corrections Officers on duty at the time of Mr. Blake's death, witnessed Mr. Blake's cardiac arrest and refused to get him medical attention. See id. ¶¶ 85-121. Plaintiff

1

brings a deliberate indifference claim pursuant to 42 U.S.C. § 1983 against the Individual Defendants and claims pursuant to Monell against the City of New York ("the City"). See id. ¶¶ 180-94. Plaintiff's Monell claims are based on the City's alleged "widespread and persistent practice" of insufficient staffing, training and supervision, including a general practice to not provide CPR or first aid in a medical emergency. See id. ¶¶ 143-79.

Plaintiff seeks Monell discovery on "policies and practices regarding emergency medical care, inadequate staffing and supervision, and inadequate treatment for high-risk individuals, such as patients with hypertension and related conditions." ECF No. 33 at 4.

Defendants seek to bifurcate discovery on Plaintiff's Monell claim and deliberate indifference claims against the Individual Defendants. See id. at 1. Defendants argue that Monell discovery should be stayed because "it is not clear that a valid underlying deliberate indifference claim exists[,]" since an internal investigation found that the "[Department of Corrections] staff action did not contribute to Mr. Blake's death." Id. at 4.

## II.   DISCUSSION

Courts in the Second Circuit "often stay discovery on Monell claims until enough information is available on the individual claims – either at the close of discovery or following summary judgment – to assess the strength of a claim that a constitutional violation actually took place." Oliver v. City of New York, 540 F. Supp. 3d 434, 436 (S.D.N.Y. 2021) (citations & quotations omitted). Nevertheless, the existence of Monell claims does not automatically warrant bifurcation. See, e.g., Felix v. City of New York, 344 F. Supp. 3d 644, 662-63 (S.D.N.Y. 2018). Courts consider a variety of factors in evaluating a motion to bifurcate, including the similarity of the issues to one another, the posture of discovery, whether there is overlap in the discovery to be produced, and prejudice to the party opposing bifurcation. See

2

Casaccia v. City of Rochester, No. 17 Civ. 6323 (MAT) (MJP), 2020 WL 1042149, at *3 (W.D.N.Y. Mar. 4, 2020) (citation omitted), reconsideration denied, 2020 WL 2833008 (W.D.N.Y. June 1, 2020).

Here, the Court finds that there may be significant discovery overlap between the issues relating to Plaintiff's individual deliberate indifference claims and his Monell claims. Defendants call into question the causal link between the Individual Defendants' conduct and Mr. Blake's death. See ECF No. 33 at 4. As the Court already discussed during the initial conference, policies around CPR training and access to a defibrillator may be relevant to both the claims against the Individual Defendants and the Monell claims against the City. See ECF No. 25 17:10-20. The City conceded at the conference that policies and training materials "related to the use of a defibrillator, [and] administering CPR" would be "relevant to the deliberate indifference claim." Id. 26:23-27:2. Whether a defibrillator was readily available and whether a Corrections Officer should have been and was trained in its proper use are relevant to both the cause of Mr. Blake's death and to the City's alleged widespread deliberate indifference to the needs of its prisoners in a medical emergency.

Defendants assert that undergoing Monell discovery would be a waste of the parties' time and resources, "should Plaintiff be unable to demonstrate that a valid underlying deliberate indifference claim exists in the first place." ECF No. 33 at 5. Defendants do not explain, however, how bifurcating discovery here would be more efficient in this case, because the parties' proposed discovery schedule, according to Defendants, would require additional time to complete discovery on the Monell claims alone, after other discovery had already been completed. See id. at 1; ECF No. 35-1. Although Defendants allude to dispositive motion practice in the parties' joint letter, see ECF No. 33 at 5, it is unclear to the Court that dispositive

3

motion practice as to the Individual Defendants would conserve time or resources. If a dispositive motion were to be denied in whole or in part, then discovery on the Monell claims would begin anew, adding more time to the schedule of this case. As Defendants have not filed a motion to dismiss, nor have they stated a theory on which they would move for summary judgment, the Court cannot determine whether dispositive motion practice as to the Individual Defendants, if successful, would dispose of the whole case.

Defendants correctly argue that Monell liability does not exist without an underlying constitutional violation. See Oliver, 540 F. Supp. 3d at 436. As Plaintiff points out, however, "a successful defense by the individual defendants does not necessarily preclude a successful claim against the municipality." Lopez v. City of New York, No. 20 Civ. 2502 (LJL), 2021 WL 2739058, at *2 (S.D.N.Y. July 1, 2021); see ECF No. 33 at 3. A plaintiff may be the victim of a constitutional tort even if the individual defendants are not liable for that violation. See Barrett v. Orange Cnty. Human Rights Comm'n, 194 F.3d 341, 349-50 (2d Cir. 1999). For example, the Individual Defendants have each asserted an affirmative defense of qualified immunity in their answers. See ECF Nos. 30 & 31. This defense, if successful, would dispose of liability for the Individual Defendants, but it "would not obviate trial of the Monell claim." McCoy v. City of New York, No. 07 Civ. 4143 (RJD) (JO), 2008 WL 3884388, at *2 (E.D.N.Y. Aug. 13, 2008). At this stage in the case, Defendants' theories of the case and strategic decisions about defenses are still developing. As such, bifurcating discovery on one potential theory would be premature.

Although the Court denies Defendants' request to bifurcate discovery, it agrees with Defendants that Plaintiff's suggested scope of discovery is too broad. As the Court noted during the initial conference, Plaintiff's allegations as to Defendants' failure to provide proper care to Mr. Blake prior to his cardiac arrest are potentially time-barred. See ECF No. 25 22:21-24:2.

4

Plaintiff does not allege any health events for which Defendants failed to provide medical care to Mr. Blake on April 30, 2021, other than Mr. Blake's cardiac arrest.  See generally ECF No. 1.  Furthermore, in the parties' joint letter, Plaintiff did not offer any reasons why certain allegations for failure to provide proper medical care would not be time-barred.  See ECF No. 33.  Given the volume of Monell discovery that Plaintiff seeks, and in order to lessen the potential prejudice to Defendants, the Court has shaped the scope of Monell discovery to focus on the claims as to which there is not a potential limitations problem.  If Plaintiff believes that these claims around the failure to treat Mr. Blake's hypertension are not time-barred, Plaintiff may request that the Court expand the scope of discovery.

The Court has limited Monell discovery to "policies and practices regarding emergency medical care" and "inadequate staffing and supervision," as these are the only Monell discovery matters that may be relevant to Plaintiff's claims based on Mr. Blake's cardiac arrest.  This restriction on Monell discovery may lessen the discovery burden on Defendants, because, as the City noted during the initial conference, discovery around the cardiac event that resulted in Mr. Blake's death is "much smaller" in scope than policies around the proposed Monell issue of the treatment of inmates with hypertension.  See ECF No. 25 14:20-25.

The Court is also cognizant that concurrent discovery on certain of Plaintiff's Monell claims and deliberate indifference claims takes time.  In order to accommodate discovery, the Court adopted in part the parties' proposed discovery schedule at ECF No. 35-1.

Fact discovery closes 8/21/2025.  The parties must serve initial expert reports on or before 9/22/2025, and rebuttal expert reports on or before 10/22/2025.  Expert discovery, including expert depositions, closes 11/24/2025; on or before that same date, the parties must file a joint letter certifying discovery as complete.

The parties must file a joint letter on or before 7/2/2025 updating the Court as to the progress of discovery and identifying any discovery disputes.  If by this date, the parties believe that additional time is needed for discovery, they should jointly propose a revised schedule based on, <u>inter</u> <u>alia</u>, their consultations with their experts as to their availability for preparing reports and being deposed.  Defendants may renew their motion to bifurcate discovery if new information is uncovered in discovery that merits bifurcation of the <u>Monell</u> claims.

Lastly, Plaintiff has stated in the parties' joint letter that he will consent to the dismissal of John and Jane Does 1-10 from this case.  <u>See</u> ECF No. 33 at 1.  The Clerk of Court is directed to terminate John and Jane Does 1-10 as Defendants.

Dated: Brooklyn, New York
       April 4, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge