UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x
ANDREW BRATHWAITE, as administrator of the estate of
Richard Blake, deceased,

                               Plaintiff,

               -against-

THE CITY OF NEW YORK, VICTOR BELIN, HARULTZ
DERISMA, and JOHN AND JANE DOES 1-10,

                          Defendants.
------------------------------------------------------------------------- x

**ORDER**

24 Civ. 3222 (NGG) (VMS)

**Vera M. Scanlon, Chief United States Magistrate Judge:**

On behalf of his late brother, Richard Blake ("Mr. Blake"), who died while in custody at the Otis Bantum Correctional Center at Riker's Island ("OBCC"), Plaintiff Andrew Brathwaite brings claims pursuant to 42 U.S.C. § 1983 and Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). See Compl. ¶¶ 1-4, 42, ECF No. 1. Before the Court are two motions, which are addressed together herein.

Plaintiff moves to compel Monell discovery, "Motion to Compel," ECF No. 38, which Defendants oppose, "Opp. to Compel," ECF No. 39. Defendants move to bifurcate Monell discovery, "Motion to Bifurcate," ECF No. 48 (with Motion to Compel, the "Motions"), which Plaintiff opposes, "Opp. to Bifurcate," ECF No. 53. For the reasons set forth below, the Motions are denied.

## I.   BACKGROUND

Plaintiff alleges that Mr. Blake, who suffered from hypertension, was provided inadequate medical care following oral surgery, and that, on April 30, 2021, Mr. Blake suffered a fatal cardiac arrest. See Compl. ¶¶ 41-124. Plaintiff alleges that Defendants Victor Belin and Harultz Derisma (collectively, the "Individual Defendants"), corrections officers on duty at the

1

time of Mr. Blake's death, witnessed Mr. Blake's cardiac arrest but refused to get him medical attention.  See id. ¶¶ 85-121.

Plaintiff brings a deliberate indifference claim pursuant to 42 U.S.C. § 1983 against the Individual Defendants and claims pursuant to Monell against the City of New York (the "City"). See id. ¶¶ 180-94.  Plaintiff's Monell claims are based on the City's alleged "widespread and persistent practice" of insufficient staffing, training and supervision, including a general practice to not provide CPR or first aid in a medical emergency.  See id. ¶¶ 143-79.

On April 4, 2025, in denying Defendants' first motion to bifurcate discovery, the Court limited Monell discovery to "emergency care": "policies and practices regarding emergency medical care" and "inadequate staffing and supervision," which are the "only Monell discovery matters that may be relevant to Plaintiff's claims based on Mr. Blake's cardiac arrest."  "Order" at 5, ECF No. 36.  The Court, however, granted Plaintiff leave to request an expanded scope of discovery based on the limited discovery permitted.  See id.  The Motion to Compel followed.

The Court also granted Defendants leave to renew their request to bifurcate discovery "if new information is uncovered in discovery that merits bifurcation of the Monell claims."  Order at 6.  In light of the Court's interest in resolving together questions raised in the Motions, after Plaintiff filed the Motion to Compel, the Court set a deadline for the parties to brief any renewed motion to bifurcate, stating that any renewed motion "must address, inter alia, any new information uncovered in discovery that merits bifurcation of the Monell claims, any burdens associated with Defendants' response to Monell discovery, the approximate number of responsive records to be disclosed, and any difficulties in accessing and producing those records, including HIPPA and other confidentiality concerns."  1/26/2026 Order.  The Motion to Bifurcate followed.

## II.    DISCUSSION

### A.  Motion to Compel

Plaintiff seeks to expand the scope of Monell discovery to include what the Court terms "chronic cardiac care": "inadequate medical treatment of incarcerated individuals with high-risk cardiac conditions, including hypertension." See Mot. to Compel at 3 (emphasis omitted).  In seeking to broaden Monell discovery to encompass chronic cardiac care, Plaintiff attempts to bring in otherwise-time-barred events, namely, the allegedly deficient medical treatment Mr. Blake received before his death on April 30, 2021.[1]

In support of his effort to broaden Monell discovery, Plaintiff makes two arguments.[2] First, Plaintiff contends that "allegations concerning medical mistreatment before Mr. Blake's death are actionable and relevant because they caused Mr. Blake's injury (i.e., the medical emergency that killed him) within the statute of limitations period."  Mot. to Compel at 1. Second, Plaintiff argues that the "continuing violation doctrine" should be applied here so as to include the pre-April 30, 2021 medical treatment because "some acts in furtherance of the policy" of deliberate indifference occurred in the statute-of-limitations period, namely the actions

---

[1] The parties do not dispute that the statute of limitations applicable to Plaintiff's claims is three years.  See, e.g., Tr. 7/30/2024 Initial Conf. 5:4-7:6. ECF No. 25 (Plaintiff's counsel acknowledging that the end of the limitations period is April 30, 2021); Mot. to Compel at 6. The Complaint was filed on April 30, 2024.

[2] Plaintiff also contends that "precluding [him] from conducting discovery that is relevant to the facts and claims pled in the complaint would have the practical effect of granting a motion to dismiss, at least in part."  Mot. to Compel at 2.  "Barring discovery concerning Defendants' pre-April 30, 2021 acts and omissions . . . would amount to at least a partial dismissal of Plaintiff's Monell claim under a Rule 12 motion that Defendants chose not to make . . . ."  Id.  Plaintiff does not provide any legal support for this contention, and the Court finds none.  Limiting the scope of discovery to the timely allegations pleaded in the Complaint does not "dismiss" any of Plaintiff's claims.  Rather, the Motion to Compel is an effort to indirectly amend the complaint by a discovery motion.

3

of the Individual Defendants in allegedly failing to provide emergency care to Mr. Blake on the day of his death.  See id. at 2.

### 1.    Proximate Cause

Plaintiff argues that because the "medical mistreatment before Mr. Blake's death . . . caused [his] injury," Plaintiff is entitled to Monell discovery related to time-barred events.  See Mot. to Compel at 1.  Plaintiff is incorrect.

In support of his deliberate indifference Monell claim, Plaintiff alleges that the City has a "persistent policy, custom, and practice of," inter alia, "mismanaging staffing levels in DOC correctional facilities," "failing to adequately monitor or supervise housing areas or conduct sufficient rounds to monitor the safety and security of the incarcerated individuals in custody," and "[f]ailing to train DOC and CHS agents and employees to provide CPR and first aid to incarcerated people."  Compl. ¶¶ 187-89.

These allegations relate to emergency cardiac care, not preventative or chronic cardiac care.  Plaintiff's post hac invocation of the allegedly deficient medical treatment that he contends caused Mr. Blake's death cannot amend his Monell claim, the basis of which, as stated in the Complaint, is inadequate monitoring of incarcerated individuals so as to be aware that an inmate is suffering a cardiac events and to provide CPR and first aid in cases of an emergency cardiac event.  See id.  Accordingly, any "causation" of the injury related to allegedly inadequate provision of chronic cardiac care does not provide a basis for an expanded scope of discovery regarding such chronic cardiac care where it does not form the basis for Plaintiff's Monell claim regarding inadequate supervision and emergency response of correctional officers.[3]

---

[3] The Court has not limited discovery as to Mr. Blake's own medical history to events within the statute of limitations.

### 2. Continuing Violation Doctrine

A Section 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Hogan v. Fischer, 738 F.3d 509, 518 (2d Cir. 2013). Because § 1983 has no federal statute of limitations, courts borrow the "most analogous" state statute of limitations, see Board of Regents v. Tomanio, 446 U.S. 478, 488 (1980), as well as the state's tolling rules, unless such application would "defeat the goals" of § 1983, see Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002) (internal quotation marks & citations omitted); see also Abbas v. Dixon, 480 F.3d 636, 641 (2d Cir. 2007) ("Although federal law determines when a section 1983 claim accrues, state tolling rules determine whether the limitations period has been tolled, unless state tolling rules would defeat the goals of section 1983.") (internal quotation marks omitted). In New York State, the statute of limitations for actions brought pursuant to § 1983 is three years. See Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009).

"The continuing violation theory is an 'exception to the normal knew-or-should-have-known accrual date.'" Id. at 181 (quoting Harris v. City of New York, 186 F.3d 243, 248 (2d Cir. 1999)). "A claim that is composed of a series of separate acts that collectively constitute one unlawful practice accrues, and the statute of limitations begins to run, when the defendant has engaged in enough activity to make out an actionable claim." Williams v. City of New York, No. 21 Civ. 3005 (ENV) (RML), 2025 WL 2782810, at *12 (E.D.N.Y. Sept. 27, 2025) (internal quotation omitted). "As a general matter, the continuing violation doctrine is heavily disfavored in the Second Circuit[,] and courts have been loath to apply it absent a showing of compelling circumstances." Nadolecki v. New York State Dep't of Tax'n & Fin., No. 09 Civ. 3888 (SJF)

(ETB), 2011 WL 2446491, at *11 (E.D.N.Y. May 17, 2011) (internal quotation marks omitted), R&R adopted, 2011 WL 2437481 (E.D.N.Y. June 15, 2011).

Plaintiff contends that "Mr. Blake's death resulted from an ongoing policy of deliberate indifference . . . and 'some acts' in furtherance of the policy [occurred] within the statute of limitations period . . . ." Mot. to Compel at 2.  Plaintiff attempts to expand the scope of the Monell-related discovery to include "[e]ach instance that DOC and CHS personnel failed to provide adequate medical care for Mr. Blake's hypertension—whether by mismanaging his elevated blood pressure level, administering him contraindicating medications, denying appropriate care after his loss of consciousness, or failing to promptly respond to his cardiac emergency." Opp. to Bifurcate at 19.  The Court has not restricted Plaintiff's discovery as to Mr. Blake, but only as to Monell-related discovery.

The formulation of Plaintiff's alleged Monell claim in the Complaint, however, does not relate to any policy of "inadequate medical treatment" rendered by medical staff or DOC officers' prior to his cardiac arrest.  Rather, as discussed above, Plaintiff alleges that DOC officers failed to render emergency medical treatment or otherwise respond to Mr. Blake's medical cardiac emergency, which is distinct from any alleged prior conduct that may have left Mr. Blake vulnerable to a fatal cardiac event.  See Compl. ¶¶ 143-62.  The Individual Defendants' "alleged refusals to call for a medical emergency and/or provide CPR/first aid on April 30, 2021 [comprise] a discrete, unrelated act by unrelated individuals." See Opp. to Compel at 2-3.  That is, the Individual Defendants were not medical providers participating in any policy of medical mistreatment related to the oral surgery or post-operative care.  Despite Plaintiff's contentions that this allegedly deficient medical treatment by others "constituted 'another instance of the defendants' continuing' misconduct," see Opp. to Bifurcate at 19

6

(quoting <u>Remigio v. Kelly</u>, No. 04 Civ. 1877 (JGK) (MHD), 2005 WL 1950138, at *10 (S.D.N.Y. Aug. 12, 2005)), Plaintiff's <u>Monell</u> claim alleges inadequate supervision of incarcerated individuals and inadequate response by corrections' officers to these individuals' medical emergencies, not inadequate diagnostic, preventative, surgical or post-operative medical treatment or medical management of similar chronic conditions.  Accordingly, where the alleged "misconduct" involved two different sets of actors and two different activities, application of the continuing violation doctrine is inapplicable and does not support an expansive approach to <u>Monell</u> discovery.[4]

As such, the Motion to Compel is denied.

**B.  Motion to Bifurcate**

As discussed above, this Court previously denied without prejudice Defendants' request to bifurcate <u>Monell</u> discovery but granted Defendants leave to renew their request "if new information is uncovered in discovery that merits bifurcation."  <u>See</u> Order at 6.

Defendants seek to bifurcate discovery because "nearly a year into discovery, it remains unclear whether Plaintiff can establish the predicate constitutional violation [for his <u>Monell</u> claim] at all."  "Defs. Mem. to Bifurcate" at 10, ECF No. 50.  Defendants contend further that bifurcation is warranted because "Plaintiff's <u>Monell</u>-related interrogatories and document requests could implicate millions of documents, including materials maintained by multiple City and State agencies."  <u>Id.</u> at 12.

Plaintiff opposes for two reasons.  First, Plaintiff argues that there is "'significant discovery overlap between the issues relating to Plaintiff's individual deliberate indifference

---

[4] Moreover, Plaintiff has not established any "compelling circumstance" to apply this doctrine, the application of which, in this Circuit, is highly disfavored.  <u>See</u> <u>Williams</u>, 2025 WL 2782810, at *12.

claims and his <u>Monell</u> claim.'" Opp. to Bifurcate at 5 (quoting Order at 3). Second, Plaintiff contends that bifurcation would not lead to a more efficient resolution of his claims. <u>See</u> <u>id.</u>

It is "well-settled that that upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure." <u>Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.</u>, No. 09 Civ. 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). "In determining whether to stay discovery, a court should weigh the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." <u>Lopez v. Cty. of New York</u>, No. 20 Civ. 2502 (LJL), 2021 WL 2739058, at *1 (S.D.N.Y. July 1, 2021) (internal quotation omitted). "The moving party bears the burden of demonstrating good cause under Fed. R. Civ. P. 26(c)." <u>Roper v. City of New York</u>, No. 15 Civ. 8899 (PAE) (GWG), 2017 WL 462270, at *1 (S.D.N.Y. Jan. 25, 2017).

Defendants contend that Plaintiff's discovery requests "seek[] the wholesale production of materials relating to every inmate death, regardless of factual similarity, relevance, or connection to the underlying constitutional violation at issue here," such that a responsive production "would require a dedicated team of City employees working hundreds of hours to collect, review, and produce materials." Defs. Mem. to Bifurcate at 13. The crux of Defendants' renewed motion to bifurcate is that Plaintiff's requests for <u>Monell</u> discovery "ha[ve] necessitated multiple meet[-]and[-]confers, and ha[ve] caused delays in moving discovery forward." <u>Id.</u> at 14.

Plaintiff argues that "Defendants articulate no specific burden warranting bifurcation." Opp. to Bifurcate at 11. Even if "Defendants' burden claims were valid," Plaintiff contends

8

further that the proper remedy is not bifurcation but rather motion practice regarding the scope of discovery.  See id. at 12-13.

The Court agrees.  Apart from the parties' opposing contentions regarding the scope of Plaintiff's discovery demands, see Defs. Mem. to Bifurcate at 10-14; Opp. to Bifurcate at 11-13, Defendants do not provide any new support for their renewed request to bifurcate, see ECF No. 30 at 4-5.  Defendants' main argument—that Plaintiff's discovery requests are overbroad and have required multiple meet-and-confers—does not provide an adequate basis for bifurcation.

Moreover, the Court continues to have concerns regarding substantial discovery overlap between Plaintiff's claims and the lack of any significant efficiency in sequencing discovery as proposed by Defendants.  See Order at 3 (noting that Defendants failed to explain how bifurcating discovery would be more efficient).  As before, Defendants do not state any basis for how any potential dispositive motion practice regarding the Individual Defendants would conserve time or resources.

In light of Defendants' having failed to meet their burden of demonstrating good cause to bifurcate discovery, see Lopez, 2021 WL 2739058, at *1, the Motion to Bifurcate is denied.

### C.  Advancing Monell Discovery

The parties' persistent disputes, see Defs. Mem. to Bifurcate at 10-14, Opp. to Bifurcate at 11-15, appear to be inhibiting the expeditious completion of discovery.  The extent of

9

Defendants' <u>Monell</u> production remains unclear,[5] and the parties have not stated with specificity their disagreements with respect to Plaintiff's requests for production.[6]

It appears that Defendants have not produced any documents responsive to Plaintiff's request for documents regarding "employer disciplinary proceedings, lawsuits, inmate grievances . . . and/or investigations . . . concerning the death of any individual in the custody of [the Department of Corrections] involving an emergency medical response." <u>See</u> Pl. Ltr. at 2, ECF No. 53-5; Defs. Mem. to Bifurcate at 13. Although the Court agrees that information regarding "inadequate medical treatment of incarcerated individuals with high-risk cardiac conditions, including hypertension" is outside the scope of <u>Monell</u> discovery that the Court has permitted, <u>see</u> Defs. Mem. to Bifurcate at 14, it is necessary for the parties to proceed with <u>Monell</u> discovery expeditiously. As a starting point, within 30 days of this Order, Defendants must produce all summary reports for the period April 30, 2020 through April 30, 2022, concerning corrections officers' responses to inmate deaths that involved an emergency medical response at OBCC. This information falls within the "policies and practices" and "inadequate

---

[5] Despite contending that Plaintiff's request for "all disciplinary proceeding, lawsuits, inmate grievances and investigations for every death in DOC custody involving an emergency response" is "overly broad, sweeping, incident-based discovery," Defendants do not state whether they have produced any documents in response to this request. <u>See</u> Defs. Mem. to Bifurcate at 12. Moreover, although "it is not entirely clear [to Defendants] what type of investigatory materials Plaintiff is seeking," Defendants do not state that they have produced any materials that are responsive to this demand, such as "investigation reports." <u>See id.</u> Pursuant to Rule 34, Defendants were obligated to provide those materials to which they did not object with specificity. <u>See</u> Fed. R. Civ. P. 34(b) (providing that a party must respond to each request and that the grounds for any objection must be stated with specificity and must state "whether any responsive materials are being withheld on the basis of that objection").

[6] In support of the Motion to Bifurcate, which was filed on February 6, 2026, Defendants attached as exhibits the discovery requests that Plaintiff had propounded on March 19, 2025, before the Order was issued limiting <u>Monell</u> discovery. <u>See</u> ECF Nos. 49-3, 49-4. Despite implying that Plaintiff sought discovery in willful violation of the Order, Defendants acknowledge that these requests have subsequently been modified pursuant to the parties' meet-and-confers. <u>See</u> Defs. Mem. to Bifurcate at 15.

training and supervision" regarding the provision of emergency medical care. <u>See</u> Order at 5. In addition, to the extent not already produced, Defendants must also produce all policies, procedures and training materials related to the provision of emergency medical care to OBCC inmates and responses to such conditions and events, for the period of April 30, 2020 to April 20, 2022. <u>See</u> Order.

After Plaintiff reviews this production, the parties are directed to file a joint letter, on or before April 22, 2026, proposing a detailed schedule of any additional <u>Monell</u> discovery, which must include deadlines, any deposition dates and a description of the particular types of documents to be produced. It may be that after the forthcoming documents are reviewed, further productions may be limited to acute cardiac or similar events or to events for which immediate first aid was or should have been administered to OBCC inmates. Given the present lack of clarity as to Plaintiff's <u>Monell</u> claim and Defendants' lack of detail as to the scope of the anticipated production, the Court does not yet impose this limitation.

The Court understands that privacy concerns related to production of inmate medical records counsel against production of individual inmates' records at this juncture. Any production of inmate-identifying material must be treated as highly confidential; Defendants should endeavor to anonymize such material as is reasonably possible by the production deadline. Accordingly, any production of inmate-specific documents beyond summary reports will only be considered after review of summary reports and identification of the specific incidents or inmates relevant to Plaintiff's <u>Monell</u> claims. To the extent the Court determines such records should be produced in a more complete form, if at all, they will likely need to be anonymized.

Given the parties' attribution of discovery delays to the opposing side, <u>see generally</u> Pl. Mem. to Bifurcate, Opp. to Bifurcate, counsel are reminded of their obligation to cooperate with each other and to "read reasonably" all discovery requests, pursuant to Local Civil Rule 26.4. Wholesale objection to discovery requests, without stating with specificity the objection, particularly the extent of any alleged burden, are improper under Fed. R. Civ. P. 34.

## III.   CONCLUSION

For the above reasons, the Motion to Compel and the Motion to Bifurcate are denied.  As set forth above, the parties must file a joint discovery letter by April 22, 2026.

Dated: Brooklyn, New York
         March 5, 2026

*Vera M. Scanlon*
         VERA M. SCANLON
United States Magistrate Judge

12